Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN BERNARDO NAUTA ORDONEZ,<br><br>Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT & U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | Civil Action No.: 25-16017 (ES)<br><br>OPINION |

SALAS, DISTRICT JUDGE

**THIS MATTER** is before the Court on the submission of a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Emma Mitchell Contreras ("Contreras") as a "next friend" for petitioner Edwin Bernardo Nauta Ordonez ("Petitioner"), an immigration detainee confined at the Delaney Hall Detention Facility in Newark, New Jersey ("Delaney Hall"). (D.E. No. 1 ("Petition" or "Pet")). Contreras also submitted an emergency request to expedite this proceeding. (D.E. No. 6 ("Emergency Request to Expedite" or "Emergency Req. to Expedite")). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the Petition is **DISMISSED** *without prejudice* for lack of jurisdiction, and the Emergency Request to Expedite is **DENIED** *without prejudice*.

I.  BACKGROUND

On September 24, 2025, Contreras submitted the Petition as Petitioner's "next friend" to the United States District Court for the Southern District of New York.[1] (*See* Pet.). The matter was assigned a Southern District of New York case number (1:25-cv-07915). (*Id.* at 1). The Petition is signed "c/o Emma M. Contreras." (*Id.* at 8).

According to the Petition, Petitioner is in immigration detention at the Docket Control Office, New York, New York. (*Id.* at 1). Contreras raises one ground for relief on Petitioner's behalf, recited herein verbatim: "UNLAWFUL DETENTION, CURRENTLY WAITING I-801A DECISION TO BE GRANTED LPR SATUS IN ECUADOR AFTER APPROVAL." (*Id.* at 6). In support, she refers to an approved I-130 application, a marriage certificate, a "USC SPOUSE PASSPORT," and an "I-601a RECEIPT." (*Id.*). Attached to the Petition are copies of an approval notice for an I-130 - Petition for Alien Relative filed by Contreras (*id.* at 9), a form acknowledging receipt of Petitioner's I601A – Application for Provisional Unlawful Waiver (*id.* at 10), a New City of New York marriage certificate for Contreras and Petitioner (*id.* at 11), and a copy of Contreras's United States passport (*id.* at 12). Contreras requests that Petitioner be released and placed in removal proceedings before an Immigration Judge so he could seek relief from removal or his release and dismissal of the immigration proceeding pending adjudication of the I-601a application. (*Id.* at 7).

On September 26, 2025, the United States District Court for the Southern District of New York entered an order transferring this matter to the United States District Court for the District of New Jersey under 28 U.S.C. §§ 1404(a) and 1406(a). (D.E. No. 4 at 2). According to the order,

---

[1]  Respondents are U.S. Immigration and Custom Enforcement and U.S. Department of Homeland Security. (Pet. at 1).

  Contreras also paid the applicable filing fee. (D.E. No. 1).

Petitioner is currently detained at Delaney Hall, and "the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement." (*Id.* at 1 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). This matter was assigned to the Undersigned on the same date.

Contreras additionally asks the Corut to expedite this proceeding because Petitioner is detained in ICE custody and is facing imminent removal. (Emergency Req. to Expedite at 1). In her Emergency Request to Expedite, she additionally requests a temporary stay of Petitioner's removal and that he be returned to New York because she is seven months pregnant, she is suffering emotional distress and depression putting her pregnancy at risk, and they have three children who depend on Petitioner for their emotional and financial needs. (*Id.*).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241, habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Court has an obligation to liberally construe the *pro se* Petition. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.   DISCUSSION

Contreras seeks to file the Petition as a "next friend" on Petitioner's behalf. The federal

habeas statute requires that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 petitions through Rule 1(b) and requiring the petition to be signed under penalty of perjury or by a person authorized to sign it for the petitioner under § 2242). In limited circumstances, persons unable to prosecute their own action may have third persons— "next friends"—stand in for them. *See Whitmore v. Arkansas*, 495 U.S. 149, 161–62 (1990).

To qualify for "next friend" status, the third person must satisfy two requirements: (i) "First, a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action,'" *id.* at 163 (citations omitted); (ii) "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest," *id.* at 163–64 (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164 (citations omitted). "[N]ext friend" standing "'is by no means granted automatically to whomever seeks to pursue an action on behalf of another,' *id.* at 163, and next friend habeas petitions are 'rare.'" *Dyer ex rel. Dyer v. Warden of S. Woods State Prison*, No. 25-14807, 2025 WL 2783868, at *2 (D.N.J. Sept. 30, 2025) (citing *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998)).

Contreras submits evidence indicating that she is married to Petitioner and has filed an I-130 petition on his behalf (which was approved). (*See* Pet. at 9–11). However, assuming *arguendo* that Contreras has met the second requirement, she has failed to meet her burden of providing an adequate explanation of why the real party in interest cannot appear on his own behalf to prosecute

4

the action. *See Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *1 (D.N.J. Dec. 6, 2021) (stating that proposed next friend, as Petitioner's fiancé, may satisfy the second prong, but she fails to meet the first prong); *Jenicek ex rel. J.J. v. Sorenson Ranch Sch., Utah*, No. 14-4422, 2014 WL 7332039, at *2 (D.N.J. Dec. 16, 2014) (indicating that a close relative, such as a spouse, who maintains a close personal relationship with the petitioner, could qualify as a next friend). Although Petitioner is in immigration detention, neither the Petition nor the attached documentation shows that Petitioner lacks access to the Court or is otherwise incompetent to file a petition on his own behalf. *See Xu ex rel. Chen v. U.S. Immigr. & Customs Enf't*, No. 24-0294, 2025 WL 1640706, at *2 (W.D. Pa. Apr. 21, 2025) (finding that proposed next friend provided "no basis or reasoning for pleading in place of [an immigration detainee]").

Furthermore, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan*, 2021 WL 6424641, at *2 (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)). Accordingly, as a layperson, Contreras cannot litigate this case as a next friend without retaining an attorney.

For the foregoing reasons, the Court dismisses the Petition without prejudice for lack of jurisdiction. Petitioner may reopen this matter by submitting (and signing) his own habeas petition within 30 days of the date of entry of the accompanying order. Alternatively, if Contreras can provide sufficient evidence that her husband is unable to proceed on his own behalf and that she otherwise meets the requirements for "next friend" status, she may file a motion to reopen this matter within 30 days of the date of entry of the order.

### IV.  CONCLUSION

For the reasons stated above, the Court **DISMISSES** the Petition *without prejudice* for lack of jurisdiction. Petitioner may reopen this matter by submitting (and signing) his own habeas

petition within 30 days of the date of entry of the accompanying order. Alternatively, if Contreras can provide sufficient evidence that Petitioner is unable to proceed on his own behalf and that she otherwise mees the requirements for "next friend" status, she may file a motion to reopen this matter within 30 days of the date of entry of the order. Contreras's Emergency Request to Expedite is **DENIED** *without prejudice.*

    An appropriate order follows.

**Dated: October 23, 2025**

                                                                        s/ *Esther Salas*
                                                                        **Esther Salas, U.S.D.J.**